UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOSE RAMOS,
    *Plaintiff*,

v.

BRUCE MCINTYRE,
    *Defendant.*

No. 3:18-cv-2039 (VAB)

**ORDER OF DISMISSAL**

Jose Ramos, proceeding pro se and currently incarcerated at MacDougall-Walker Correctional Institution in Suffield, Connecticut, sued Bruce McIntyre for civil rights violations under 42 U.S.C. § 1983. Complaint, ECF No. 1 ("Compl.").

On December 18, 2018, Magistrate Judge William Garfinkel granted his motion to proceed *in forma pauperis*. Order Granting Motion for Leave to Proceed In Forma Pauperis, ECF No. 7.

For the following reasons, the Court **DISMISSES** the Complaint for failure to state a plausible claim under 28 U.S.C. § 1915A.

Mr. Ramos will have until August 2, 2019 to seek leave to amend his Complaint or the Court will direct the Clerk of the Court to close this case.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    Factual Allegations

Mr. Ramos alleges that Mr. McIntyre, his former attorney, violated his Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendment rights by failing to adequately represent him during his state criminal trial. Compl. at ¶¶ 2–10. Specifically, he alleges that Mr. McIntyre failed to

1

request a speedy trial, seek subpoenas and present the testimony of several witnesses in support of his defense, object to certain evidence presented by the state, and adequately investigate his case. *Id.*

A jury convicted Mr. Ramos of murder on April 29, 2016 and he subsequently received a prison sentence of sixty years. *See State v. Ramos*, No. KNL-CR12-0119499-T (Conn. Super. Ct. Apr. 29, 2016).[1]

On December 5, 2017, the Connecticut Appellate Court affirmed his conviction. *State v. Ramos*, 178 Conn. App. 400 (2017).

The Connecticut Supreme Court then denied Mr. Ramos' petition for certification to appeal the Appellate Court's decision; *State v. Ramos*, 327 Conn. 1003, (2018).

The United States Supreme Court also denied his petition for writ of certiorari. *Ramos v. Connecticut*, 138 S. Ct. 2656 (2018).

**B.    Procedural History**

On December 11, 2018, Mr. Ramos filed his Complaint. Compl.

The same day, he moved to proceed *in forma pauperis*. Motion for Leave to Proceed In Forma Pauperis, ECF No. 2.

On December 14, 2018, the Court referred the motion for leave to proceed *in forma pauperis* to Magistrate Judge William Garfinkel. Order Referring Case, ECF No. 6.

On December 18, 2018, Magistrate Judge Garfinkel granted the motion for leave to proceed *in forma pauperis*. Order, ECF No. 7.

---

[1] This Court may take judicial notice of the information contained in the Connecticut Judicial Branch website. *See Gillums v. Semple*, No. 3:18-CV-00947 (CSH), 2018 WL 3404145, at *5 (D. Conn. Jul. 12, 2018) (citing *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006)).

## II. STANDARD OF REVIEW

This Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555–56 (2007). Conclusory allegations are insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

It is also well-established that "[*p*]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for pro se litigants).

## III. DISCUSSION

Mr. Ramos's constitutional claims against Mr. McIntyre cannot proceed for two reasons.

First, "[s]ection 1983 creates a cause of action against any person who, acting under color of state law, deprives another of 'any rights, privileges, or immunities secured by the Constitution and laws' of the United States.'" *LeBlanc-Stenberg v. Fletcher*, 67 F.3d 412, 426 (2d Cir. 1995). "A 'public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.'" *Tapp v.*

*Champagne*, 164 F. App'x 106, 108 (2d Cir. 2006) (quoting *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)). Because Mr. Ramos alleges that Mr. McIntyre represented him as a special public defender in his criminal proceeding, Mr. McIntyre is not a state actor subject to liability under 42 U.S.C. § 1983. Mr. Ramos's constitutional claims therefore cannot proceed against Mr. McIntyre.

Second, even if the Court could conclude that Mr. McIntyre acted under color of state law, a plaintiff's constitutional claims cannot attack the validity of his state criminal trial and judgment. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that a 42 § 1983 cause of action that would necessarily implicate the validity of a conviction or length of sentence is not cognizable, unless the plaintiff can show that his underlying "conviction or sentence had been reversed on direct appeal, declared invalid by a state tribunal authorized to make such a determination, or called into question by the issuance of a federal writ of habeas corpus." 512 U.S. at 487; *see also Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (holding that a state prisoner's Section 1983 action is barred no matter relief sought and no matter the target of prisoner's suit, if success in action would necessarily demonstrate invalidity of conviction or duration).

Mr. Ramos, however, has not indicated that any court has overturned his state conviction. Indeed, Mr. Ramos currently seeks relief from this conviction. *See Ramos v. Semple*, No. 18-cv-1259 (VAB), ECF No. 12 (seeking habeas relief under 28 U.S.C. § 2254).

Accordingly, his claims against Mr. McIntyre cannot raise his claim here. *See Wilkinson*, 544 U.S. at 81–82 (holding "that a state prisoner's § 1983 action is *82 barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success

4

in that action would necessarily demonstrate the invalidity of confinement or its duration.").

**III.  CONCLUSION**

For the foregoing reasons, the Court **DISMISSES** the Complaint for failure to state a plausible claim under 28 U.S.C. § 1915A.

Mr. Ramos has until August 2, 2019 to seek leave to amend his Complaint or the Court will direct the clerk of the Court to close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 11th day of June 2019.

                                         /s/ Victor A. Bolden
                                         VICTOR A. BOLDEN
                                         UNITED STATES DISTRICT JUDGE